**NOT FOR PUBLICATION**

# FILED

MAY 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT



| | |
|---|---|
| SHIRAZ LAKHANI, | No.    14-72576 |
| Petitioner-Appellant, | Tax Ct. No. 24563-11 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

| | |
|---|---|
| SHIRAZ LAKHANI, | Nos.   14-72577 |
| Petitioner-Appellant, | |
| v. | Tax Ct. No. 21212-10 |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted April 11, 2018

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before:  SCHROEDER, CLIFTON, and M. SMITH, Circuit Judges.

Shiraz Lakhani, an accountant as well as a professional gambler who bets on horse races, appeals the Tax Court's decision that under Internal Revenue Code ("I.R.C.") section 165(d), 26 U.S.C. § 165(d), he may not deduct from his ordinary income that portion of his losing wagers representing what is known as the track's "takeout." The takeout is the percentage of all monies wagered on a horse race that the track retains to offset its business costs. *See* Cal. Bus. & Prof. Code §§ 19411, 19610.

The relevant provision of the I.R.C. expressly provides that "[l]osses from wagering transactions" are deductible "only to the extent of the gains from such transactions." I.R.C. § 165(d). Lakhani contends that the takeout is an expense to him separate and apart from the wager itself and is therefore deductible as an "ordinary and necessary expense[]" from non-gambling income under I.R.C. section 162(a), 26 U.S.C. § 162(a).

This position is not sound. The track's takeout, as mandated by California law, comes from all of the money wagered, so it is not an expense to the taxpayer separate and apart from the wager. *See* Cal. Bus. & Prof. Code § 19610. As the Tax Court said, "[E]xpenses discharged from the takeout are expenses imposed

2

upon the track, not the bettors. . . . [N]one of the takeout can be said to come from a winning bettor's wager, which in all events must be returned to [the bettors] in full and with at least a small profit." *See also* 4 Cal. Admin. Code § 1960. Furthermore, as the Tax Court recognized, "the takeout [cannot] be said to add to the loss of a losing bettor, who loses the same [amount] whether the takeout is 15% . . . or [nothing at all] on account of a minus pool so deep as to deprive the track of any take after paying all winning wagers." *See also* Cal. Bus. & Prof. Code § 19613.5.

Even if there were any doubt as to whether the wagering loss provision in section 165(d) or the more general provision regarding business expenses in section 162(a) applies, the more specific wagering provision would control. *See Nitzberg v. Comm'r*, 580 F.2d 357, 358 (9th Cir. 1978).

The Tax Court's decision here is also consistent with the Tax Court's decision in *Mayo v. Commissioner*, 136 T.C. 81, 83–84, 97 (2011), recognizing a distinction between deductions for wagering losses limited to gains, and the deductions available for non-wagering gambling expenses that could be deducted from other income. In *Mayo*, the Tax Court allowed the taxpayer to deduct, among other expenses, car, office, travel, telephone, internet, admission, and ATM fees. 136 T.C. at 83–84, 97. In this case, the Commissioner does not contest Lakhani's

3

deductions for similar fees.  The Tax Court's decision in this case is consistent

with *Mayo*, because *Mayo* did not involve, as this case does, the house takeout.[1]

Lakhani's motion for relief, filed September 18, 2015, is **DENIED** as moot.

**AFFIRMED**.

---

[1] Congress recently amended section 165(d), and expenses are now treated as losses.  *See* I.R.C. § 165(d) (Westlaw through Pub. L. No. 115-140).  The amendment does not affect the taxable years at issue here.  *See id.*